Nash, O. J.
 

 The question presented in this case arises on the probate of a paper writing purporting to be the last will and testament of David Calloway.- The attesting witnesses are John Kirk and Isabella Hunter. By the script, the plaintiff and John Hunter are appointed executors. One of the attesting witnesses, Isabella Hunter, is, and was at the time of her attestation, the wife of the executor, John Hunter. John Hunter, before his wife was called on to prove the will, came into Court where the will was offered for probate, and resigned his right to quality as such executor, and also executed a release, releasing all his interest under the will. Thereupon, Isabella Hunter was admitted by the Court as a witness to the will.
 

 The sole question presented to us,'is as to her competency to testify. It is well settled law, that an attesting witness to a will, must be competent at the time of attestation, and that no subsequent release, where the objection is one of interest, can restore his competency. The leading case in this State is that of
 
 Allison
 
 v. Allison, 4 Hawks 141. This was followed by the ease of
 
 Tucker
 
 v. Tucker, 5 Ire. 161, in which the case of Allison is cited and approved. And in
 
 Morton
 
 and Ingram, 11 Ire. 368. Both those cases are referred to as correctly decided, and in each it is decided, that the right to commissions which an executor under our Statute has, is such an interest as disqualifies a witness, and that a release does not remove the disqualification.
 

 
 *457
 
 At the time, then, when Mrs. Hunter attested the script, she was disqualified by reason of the interest which her husband then had in the commissions secured to him as an executor. A wife cannot be a witness for or against her husband. Starkie, 4th part of his Treatise on Evidence, 709, lays it down as an invariable rule, that neither is a witness for the other who is interested in the result, and that where the husband is disqualified by his interest, the wife is also incompetent. In this case, Mrs. Hunter was disqualified as a witness to the script at the time she attested it, as her husband, John Hunter, was interested, and no subsequent act of his could remove the disqualification.
 

 Our attention has been directed by the defendants’ counsel to the case of
 
 Daniel
 
 and
 
 Proctor,
 
 1 Dev. 428. That case has been substantially overruled, if not directl}’, by the cases herein before cited. How far the wife could be a competent witness to a will, where the husband is appointed an executor and afterwards renounces and releases, came directly before the Court. The case of Proctor places her incompetency upon an additional ground, to wit, public policy. Wo do not, however, concur in the reasoning upon' which the Court there arrive at their conclusion. We hold that the wife hadan interest in that case, which disqualified her as an attesting witness to the will. If a man is sued for a tract of land to which he derives title under a will, can the wife be a competent witness to establish the will, because the land belonged to him and not to her? Surely not. She has an interest, through her husband, in the land — such a one as precludes her from giving evidence as a witness.
 

 Per Cueiam:. Ilis Honor erred in admitting her testimony, and there must be a
 
 venire de novo.